THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SUMMER DAWN TURNER,<br><br>                Plaintiff,<br><br>        v.<br><br>FACEBOOK, *et al.*,<br><br>                Defendants. | CASE NO. C22-0357-JCC<br><br>ORDER |

This matter comes before the Court *sua sponte* on pre-service review of Plaintiff's complaint (Dkt. No. 8) under 28 U.S.C. § 1915(e)(2)(B). Plaintiff, proceeding *pro se*, filed an application to proceed *in forma pauperis*, (Dkt. No. 6), which the Honorable Michelle L. Peterson, United States Magistrate Judge, granted. (Dkt. No. 7.)

Under 28 U.S.C. § 1915(a), the Court must review and dismiss before service the lawsuit of any person seeking to proceed *in forma pauperis* if it is "frivolous, malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir.2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

To state a claim upon which relief may be granted, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief

ORDER
C22-0357-JCC
PAGE - 1

above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support one. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

The Court holds *pro se* pleadings to a less stringent standards than ones drafted by lawyers and liberally construes them in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Nevertheless, § 1915(e) "not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim." *Lopez*, 203 F.3d at 1229. When dismissing a complaint under § 1915(e), the Court gives *pro se* plaintiffs leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Plaintiff's complaint fails to state a claim upon which relief can be granted. Plaintiff purports to sue for employment discrimination under the Americans with Disabilities Act of 1990,[1] alleging as actionable conduct termination of her employment, failure to promote, failure to accommodate, unequal terms and conditions of employment, and retaliation. (Dkt. No. 1 at 4.) The complaint, however, alleges no supporting facts or cognizable legal theory. Although the Court construes Plaintiff's pleadings liberally, even a "liberal interpretation. . . . may not supply elements of the claim that were not initially pled*." Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Further, Plaintiff does not state what relief is sought and first indicates that no notice-of-right-to-sue letter has issued, only to then list a date that a letter was ostensibly issued. (*See* Dkt. No. 1 at 6.) The Court cannot determine whether Plaintiff is plausibly entitled to relief without knowing what that relief is or whether the requisite federal administrative remedies have been exhausted.

Based on the forgoing, the Court DISMISSES Plaintiff's complaint without prejudice. Plaintiff must file an amended complaint curing the above-noted deficiencies within 21 days of

---

[1] 42 U.S.C. §§ 12112 to 12217.

ORDER
C22-0357-JCC
PAGE - 2

this order. If no amended complaint is timely filed or if Plaintiff files an amended complaint that fails to correct the deficiencies identified above, the Court may dismiss Plaintiff's claims with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.[2]

The Clerk is DIRECTED to send Plaintiff a copy of this order as well as the appropriate forms to file an amended complaint.

DATED this 18th day of April 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff is advised that an amended complaint operates as a complete substitute for an original complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, any amended complaint must clearly identify the defendant(s), the claims asserted, the specific facts which Plaintiff believes support each claim, and the specific relief requested.

ORDER
C22-0357-JCC
PAGE - 3